

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-24-00527-CR

Jasmine Lorraine **TORRES**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the County Court at Law No. 9, Bexar County, Texas
Trial Court No. 728794
Honorable Gloria Saldana, Judge Presiding

Opinion by:    Lori I. Valenzuela, Justice

Sitting:        Lori I. Valenzuela, Justice
               Adrian A. Spears II, Justice
               H. Todd McCray, Justice

Delivered and Filed: July 8, 2026

AFFIRMED

In two issues, appellant Jasmine Lorraine Torres appeals a judgment of conviction for assault-bodily injury. We affirm the judgment.

## BACKGROUND

On April 4, 2022, Torres was involved in an automobile collision with the complainant, Susan Flores, in the parking lot of an apartment complex. Torres and Flores briefly argued, and Flores then left to pick up her children from school. Flores also called 9-1-1 to report the collision.

Flores contends that when she returned to the apartment complex, Torres had gone inside, but Torres's husband, Steve Quiroga, and her mother, Lori Vega, were still in the parking lot and began arguing with her. Torres eventually came back outside and joined the argument. Flores testified that both Torres and Vega assaulted her, and it is undisputed that Torres hit Flores in the forehead. Photos admitted at trial show a large knot on Flores's forehead.

Torres was charged by information with the misdemeanor offense of assault-bodily injury, and a jury found her guilty as charged. The trial court sentenced her to 60 days' confinement in the Bexar County Jail, but ordered the sentence suspended and placed Torres on community supervision for 30 days. Torres now appeals.

## ANALYSIS

Both of Torres's appellate issues center on the exclusion of evidence. In her first issue, she argues that the trial court erred by excluding Vega's testimony under Texas Rule of Evidence 614. In her second issue, she argues the trial court erred by refusing to admit the entirety of a video from the investigating officer's body-worn camera.

### *Standard of Review*

We review a trial court's evidentiary rulings under an abuse of discretion standard. *State v. Heath*, 696 S.W.3d 677, 688 (Tex. Crim. App. 2024). "As long as a trial court's evidentiary ruling is within the zone of reasonable disagreement, this Court will not intercede." *Id.* at 689. We will uphold an evidentiary ruling "if it is correct on any theory of law that finds support in the record." *Gonzalez v. State*, 195 S.W.3d 114, 126 (Tex. Crim. App. 2006).

### *Vega's Testimony*

Texas Rule of Evidence 614, commonly known as "the Rule," provides, "At a party's request, the court must order witnesses excluded so that they cannot hear other witnesses'

testimony. Or the court may do so on its own." TEX. R. EVID. 614. "The purpose of the Rule is to prevent corroboration, contradiction, and the influencing of witnesses. . . . When the Rule is invoked, a witness should not hear testimony in the case or talk to any other person about the case without the court's permission." *Jimenez v. State*, 307 S.W.3d 325, 334 (Tex. App.—San Antonio 2009, pet. ref'd) (citation omitted).

Here, when Torres sought to present Vega's testimony during her case-in-chief, the State objected on the basis that Vega had been seen conversing with Torres's husband, Quiroga, for "a substantial amount of time" during a break. While Vega herself was not in the courtroom during any other witness's testimony, Quiroga had been present throughout the proceedings and heard the testimony of the State's witnesses. Quiroga told Torres's attorney that he and Vega did not discuss the case, but neither the State nor Torres's attorney actually heard the conversation. The trial court sustained the State's objection and did not permit Vega to testify, explaining, "I do have to follow the protections—the constitutional protections that everybody has, not just the defendant, but also the complainant. So I can't allow Ms. [Vega] to testify. Because there's been a lot of testimony already."

On appeal, Torres argues that the trial court never invoked the Rule in this case. As the State notes, however, Torres herself invoked the Rule at the outset of the proceedings, during a hearing on her motion in limine. But even if we assume the Rule was not properly invoked, "[t]he admissibility of the testimony of witnesses who have not been placed under the rule is left to the discretion of the trial court," and "[w]e will assume such discretion was properly exercised unless abuse is evident." *Lopez v. State*, 960 S.W.2d 948, 953 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd). We therefore decline to reverse the trial court's judgment on the basis that the Rule was not invoked.

"The disqualification of a defense witness must be considered in the context of the accused's constitutional right to call witnesses on his behalf. . . . An accused has the right to call and have his witness testify, and, generally, a defense witness should not be excluded solely for violation of the rule." *Id.* However, the right of an accused to call a specific witness "is not absolute." *Webb v. State*, 766 S.W.2d 236, 240 (Tex. Crim. App. 1989).

In *Webb*, the Court of Criminal Appeals "formally adopted a test to apply when a witness is prohibited from testifying because the witness violated the Rule." *Jimenez*, 307 S.W.3d at 334 (citing *Webb*, 766 S.W.2d at 244–45). Based on this record, we cannot determine with any certainty whether Vega violated the Rule. Nevertheless, we find *Webb*'s analysis instructive here. The *Webb* test consists of two prongs:

> (1) if the rule was violated and the witness disqualified, were there particular circumstances, other than the mere fact of the violation, which would tend to show the defendant or his counsel consented, procured or otherwise had knowledge of the witness's presence in the courtroom, together with knowledge of the content of that witness's testimony; and (2) if no particular circumstances existed to justify disqualification, was the excluded testimony crucial to the defense.

*Webb*, 766 S.W.2d at 245. Torres has the burden of establishing both prongs. *Lopez*, 960 S.W.2d at 953.

Torres's counsel represented below that he "ran out there and stopped the conversation as soon as [he] was told about it" and that Vega and Quiroga had "been separate since." Furthermore, although the trial court believed Quiroga "should not have been in this court" while testimony was being presented, it appears that Torres never intended to call Quiroga as a witness. This record does not support a conclusion that Torres or her attorneys "consented, procured or otherwise had knowledge of" Vega's Rule violation, if any. *See Webb*, 766 S.W.2d at 245. To the extent that the trial court concluded the first prong of the *Webb* test supported exclusion of Vega's testimony, it erred.

Nevertheless, we conclude the second prong of the *Webb* test supports the trial court's ruling. *See id.*; *see also Gonzalez*, 195 S.W.3d at 126. As noted above, Torres does not dispute that she hit Flores. However, she argued below that her actions were justified by self-defense, defense of others, or mutual combat/consent.[1] On appeal, Torres argues that the trial court's exclusion of Vega's testimony "effectively eviscerated" these defenses, but she did not explain either below or in her appellate briefing why she believes Vega's testimony was crucial to those issues. *See Webb*, 766 S.W.2d at 245.

At trial, Torres argued, "[Flores] has spoken at length about [Torres's] family harassing her. [Vega] is going to come on the stand and talk about how [Flores] has harassed [Torres] and her family." On appeal, she similarly contends that Vega's testimony "would have been able to rebut and clarify that it was [Flores] who was causing the problems" that led to the fight. But Torres does not explain why that evidence of Flores's alleged harassment would have supported a finding in her favor on her defensive issues. And because she did not make a bill of exception below to provide further details about what Vega's testimony would have shown, we have only limited information on which to review that question. *See* TEX. R. EVID. 103(a)(2); *Marshburn v. State*, 491 S.W.2d 663, 665 (Tex. Crim. App. 1973) ("Appellant has made no effort to show this Court what the testimony of the two witnesses would have been had they been permitted to testify.").

Moreover, the jury saw a video of Torres explaining her version of events to the investigating officer, Caleb Bunch. In that video, which was captured by Bunch's body-worn camera, Torres explained that the altercation became physical after Flores "started yelling," "got in [Quiroga's] face," and called Torres and her family "junkies."[2] Torres explained to Bunch that

---

[1] The court's charge instructed the jury to consider each of these defensive issues.
[2] In her own testimony, Flores confirmed that she called Torres and her family "junkies."

she hit Flores because Flores would not "get out of [Quiroga's] face," and she made a gesture that appeared to indicate that Flores had shaken her fist in Quiroga's face. The State also presented Bunch's testimony about what Torres told him at the scene, and that testimony was consistent with Torres's statements in the video. This evidence permitted the jury to not only consider the differences between Flores's and Torres's versions of events, but also to evaluate Torres's own credibility and the justifications she offered for her actions. Torres has not argued or shown that the jury would have been more likely to believe her actions were justified if it heard the same evidence from Vega, who Flores had also implicated in the fight. Accordingly, the record does not support a conclusion that Vega's testimony was crucial to Torres's defense. *Cf. Webb*, 766 S.W.2d at 245–46 (concluding excluded testimony was crucial because it "would have been the sole corroborating evidence going to show possible motive and bias on the part of the State's chief witnesses"); *Davis v. State*, 872 S.W.2d 743, 746 (Tex. Crim. App. 1994) (concluding excluded testimony was crucial because it would have corroborated another witness's testimony that someone other than defendant committed the crime).

We overrule Torres's first issue.

### *Body-Worn Camera Video*

As noted above, the evidence presented at trial included a portion of a video taken from Bunch's body-worn camera. That excerpt, which was admitted as State's Exhibit 10, is just over three minutes long and shows Bunch discussing the altercation with Torres. In that excerpt, Torres admitted that she hit Flores and "that's why she got the knot on her head."

During her cross-examination of Bunch, Torres offered the rest of the video, which Bunch agreed was an hour and four minutes long. The State objected on hearsay grounds, and the trial court sustained the objection. On appeal, Torres argues the trial court should have admitted the

remainder of the video under the rule of optional completeness. *See* TEX. R. EVID. 107. The State responds that she did not preserve this issue for our review.

We agree with the State. "When an appellant wishes to appeal the trial court's decision to exclude evidence, he must have 'put the trial court on notice as to what he wants, why he thinks he is entitled to it, in a clear enough manner for the court to understand him at a time when the court is in the proper position to grant relief.'" *Borton v. State*, 683 S.W.3d 459, 463 (Tex. App.—San Antonio 2023, no pet.) (quoting *King v. State*, No. 05-17-00965-CR, 2018 WL 4959415, at *1 (Tex. App.—Dallas Oct. 15, 2018, no pet.) (mem. op., not designated for publication)); *see also* TEX. R. APP. P. 33.1(a)(1)(A); *Reyna v. State*, 168 S.W.3d 173, 177–78 (Tex. Crim. App. 2005). Here, when the trial court sustained the State's hearsay objection to the entire video, Torres did not offer any counter-argument about why the trial court should admit the rest of the video. "There was no theory argued to the trial court as to why it should not sustain the State's [hearsay] objection," on optional completeness or any other grounds. *See Borton*, 683 S.W.3d at 464. Torres therefore waived this issue, and we overrule it. *See id.*

## CONCLUSION

We affirm the judgment of conviction.

Lori I. Valenzuela, Justice

DO NOT PUBLISH